IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:12-CR-054-L |
| | § | |
| CYNTHIA STIGER (2) | § | |
| WILBERT JAMES VEASEY, JR. (3) | § | |
| TERI SIVILS (6) | § | **FILED EX PARTE AND UNDER SEAL** |
| CHARITY ELEDA, R.N. (7) | § | |

**BUDGET AND INTERIM PAYMENT ORDER
FOR ATTORNEYS FEES**

Before the court are defense counsels' *ex parte* proposed budgets in this case. This multi-defendant case is set for trial January 13, 2014, and is expected to last approximately six weeks. *Given the nature and complexity of this case, the court respectfully requests expedited consideration from the Chief Judge or his designee.*

**I.     Background**

Defendants Cynthia Stiger, Wilbert James Veasey, Jr., Teri Sivils, and Charity Eleda, R.N., who all have appointed counsel, are charged in a Superseding Indictment, filed September 6, 2012. Cynthia Stiger is charged with one count of Conspiracy to Commit Healthcare Fraud; Wilbert James Veasey, Jr. is charged with one count of Conspiracy to Commit Healthcare Fraud, and three counts of Healthcare Fraud (four counts total); Teri Sivils is charged with one count of Conspiracy to Commit Healthcare Fraud; and Charity Eleda, R.N. is charged with one count of Conspiracy to Commit Healthcare Fraud, four counts of Healthcare Fraud, and three counts of False Statements

**Budget Order - Page 1**

for Use in Determining Rights for Benefit and Payment by Medicare (eight counts total). The government also seeks a criminal forfeiture against these four Defendants.[1]

Counsel for each Defendant submitted a proposed budget to the court. Mr. Jeffrey Grass, counsel for Cynthia Stiger, submitted a proposed budget for $154,700; six thousand one hundred fifty-two dollars and fifty cents have already been paid to Mr. Grass. Mr. Heath Enix Hyde, counsel for Wilbert James Veasey, Jr., Mr. William McMurrey, counsel for Teri Sivils, and Mr. Mark Watson, counsel for Charity Eleda, R.N., submitted identical budgets of $234,085.

The court had some concerns in that these Defendants submitted identical budgets, yet the number of counts against each Defendant was different. From the court's perspective, it did not seem logical that all counsel would spend the same amount of time in preparation for this case when the number of charges was different as to each defendant. Generally speaking, and based on the court's experience in dealing with other multiple-defendant cases, defendants who had fewer counts against them did not require as much attorney time as those defendants with more counts.

As a result of these concerns, the court held an *ex parte* conference with the four appointed counsel on June 25, 2013. Counsel for the three Defendants who submitted identical budgets for $234,085 explained that the budgets were the same because they believed it was more efficient to prepare the budgets of similarly-situated clients in the same prosecution. Further, they argued that all Defendants are charged with Count One of the Superseding Indictment, which is the Conspiracy

---

[1] Other Defendants charged in the Superseding Indictment in this case include Jacques Roy, M.D., who is charged with one count of Conspiracy to Commit Healthcare Fraud, 10 counts of Healthcare Fraud, and three counts of False Statements relating to Healthcare Matters (14 counts total); Patricia Akamnonu, who is charged with one count of Conspiracy to Commit Healthcare Fraud, and three counts of Healthcare Fraud (four counts total); and Cyprian Akamnonu, who is charged with one count of Conspiracy to Commit Healthcare Fraud. Mr. Akamnonu has pleaded guilty and will be sentenced in September 2013. There is also a criminal forfeiture charge against these three Defendants.

**Budget Order - Page 2**

to Commit Healthcare Fraud charge; and that this count is the most labor-intensive part of the case and will require the most discovery and time, which, according to them, may be as much as 12 terabytes.

The court does not accept counsel's premise that Defendants Veasey, Sivils, and Eleda are similarly situated as to the entire case. While it is true that all Defendants are charged in Count One of the Superseding Indictment and that approving the same budget for three Defendants would certainly make the court's job easier, the court cannot use these reasons as a basis for approving identical budgets for Defendants. In a previous multiple-defendant case, *United States of America v. Farrington, et al.*, 3:08-CR-153-L, the trial lasted seven weeks and one day, and the jury deliberated for four days. The attorney's fees in general, with some variation, corresponded to the number of charges against each defendant. While the court recognizes that each case is different because of the variables present, it cannot in good conscience conclude that $234,085 is appropriate for Defendant Sivils, who is charged with one count, while Defendant Eleda is charged with eight counts, and Defendant Veasey, Jr. is charged with four counts.[2]

The proposed budgets for Defendants Veasey, Sivils, and Eleda also attributed 775 hours of attorney time to process and review 12 terabytes of discovery data. Based on information received and reviewed by staff attorney, Ms. Kim Schaefer, who has assisted the court in preparing this budget, the amount of discovery data appears to be greatly overstated. The relevant amount of discovery is probably closer to 1.5 terabytes of discovery data. Indeed, a joint motion for funding

---

[2]Although Defendant Sivils has been charged with only one count, she was the office manager for principal Defendant Jacques Roy, M.D., and allegedly has more knowledge of the charged criminal conduct than other Defendants who are only charged with one count. Understandably, because of Ms. Sivils's position, her counsel will likely spend more time representing her than would the other attorneys who represent other Defendants charged with only one count in the Superseding Indictment.

**Budget Order - Page 3**

electronic discovery filed by the parties on July 18, 2013, seeks funds to process and host less than 1 terabyte of data for attorney review.

Accordingly, the court, based on its experience in paying fees in other multiple-defendant cases, and the information available to it at this juncture, has made adjustments to the budgets submitted by counsel for Defendants Veasey, Jr., Sivils, and Eleda. The court, if necessary, will recommend making adjustments to the budgets set herein to ensure that counsel is fairly compensated for services provided; however, at this juncture the court is reticent to recommend a budget that appears more than necessary.

## II. Budgets

The court having previously designated this case complex under 18 U.S.C. § 3161(h)(7)(B)(ii) and having concluded that the representations are likely to become extraordinary in terms of potential cost, approves the following budget for CJA funding purposes:

*Attorney's Fees*
| | |
|---|---|
| *Defendant Stiger:* | *$155,000* |
| *Defendant Veasey, Jr.:* | *$167,500* |
| *Defendant Sivils:* | *$167,500* |
| *Defendant Eleda:* | *$175,000* |

This budget is intended to cover all attorney's fees and expenses through the completion of trial and, if necessary, sentencing. No attorney may exceed the maximum budgeted amount without the express prior approval of this court and the Chief Judge of the circuit or his designee. The budget in no way entitles counsel to charge or expend beyond what is reasonably necessary to adequately represent their clients. If any defendant's case is terminated without a trial, the budget for such defendant must be adjusted accordingly. If counsel determines that the budget will be

insufficient to cover the costs associated with representation, counsel shall file a motion to amend the budget and explain with particularity the basis for needing additional funds.

Counsel must seek to reduce the duplication of effort among the defense teams, provided it is consistent with an attorney's obligation to the client. For example, it may be cost-effective to have one attorney act as liaison to service providers performing work for more than one co-defendant or take the principal role in researching and writing certain motions. Furthermore, counsel must consider the use of lower costing, well-qualified paralegals, investigators, and other service providers in lieu of having appointed counsel perform certain tasks, where doing so would save money or time and not compromise a defendant's representation.

Funds for investigative, expert, or other services, such as paralegals and legal assistants, are not included in this budget. The authorization of funds to pay such service providers must be requested under the rules and procedures by the Administrative Office of the U.S. Courts, *Guide to Judiciary Policy*, Vol. 7, Pt. A, § 310.40 ("*Guide*").[3] Counsel must file joint motions for the authorization of funds where a service provider's work (such as background investigations or discovery management) can be shared without creating a conflict of interest or compromising quality.

## III. Interim Payments

Because of the complexity and expected length of the proceedings in this case and the anticipated hardship on counsel in undertaking full-time representation for such a period without

---

[3] This Guide is available at: http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/GuideToJudiciaryPolicyVolume7.aspx.

compensation, pursuant to § 230.73.10, of the *Guide*, the following procedures for interim payments apply to all CJA counsel in this case during the course of their representation:

A. <u>Submission of Vouchers</u>

Every 30 days, counsel must submit to the court an interim CJA Form 20, "Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred during the 30-day period must be claimed on an interim voucher submitted no later than the 15th day of the following month, or the first business day thereafter. If fewer than 10 hours of compensable time are claimed for a given month, that time may be combined until the interim voucher claims more than 10 total hours. Counsel must complete Item 19 on the CJA 20 form for each interim voucher. Each interim voucher must be numbered in series and identify the time period covered. All interim vouchers must be supported by detailed and itemized time and expense statements. The first interim voucher must reflect all compensation claimed and reimbursable expenses incurred from the date of appointment through July 31, 2013 and should be submitted no later than August 23, 2013. Section 230 of the *Guide* outlines the procedures and rules for claims by CJA attorneys and should be followed for each voucher. Counsel are encouraged to submit vouchers using the court's automated Attorney Timekeeping System ("ATS") .[4]

The court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for **80%** of the approved number of hours. The court will also authorize payment for all reimbursable expenses reasonably incurred.

---

[4]ATS can be accessed through the court's website at http://www.txnd.uscourts.gov/attorneyinfo/cjabook.html.

At the conclusion of the representation, each counsel must submit a final voucher that includes payment for the **20%** withheld from the earlier interim vouchers and for representation provided during the final interim period. The final voucher must also set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel should reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, the court will submit it to the Chief Judge of the circuit, or his designee, for review and approval.

    B.  <u>Reimbursable Expenses</u>

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel must not incur a single expense that exceeds $500 without prior court approval. Such approval may be sought by filing an *ex parte* application with the clerk stating the nature of the expense, the estimated cost, and the reason the expense is necessary to the representation. An application seeking such approval may be filed *in camera*, if necessary. Upon finding that the expense is reasonable, the court will authorize counsel to incur it. Recurring expenses, such as lodging and meals, telephone toll calls, photocopying, and photographs, that aggregate more than $500 on one or more interim vouchers are not considered single expenses that require court approval.

With respect to travel outside of the Dallas metropolitan area, travel expenses, such as mileage, parking fees, and overnight travel, can be claimed as itemized expenses. Travel via common carrier requires prior court approval, in which event counsel will be issued a travel

authorization order that will allow counsel to travel at approved government rates. Payment for travel on a common carrier will be charged to the court's CJA government travel account.

The following additional guidelines may be helpful to counsel:

1. Case-related travel by privately owned automobile must be claimed at the standard government rate for such matters (currently, $0.565 per mile). Receipts are required for parking and toll fees. Transportation other than by privately owned automobile must be claimed on an actual expense basis. Air travel in "first class" or "business class" is prohibited. Permission of the court is required for travel by common carrier.

2. Actual expenses incurred for meals and lodging while traveling outside the Dallas metropolitan area in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations.

3. Telephone toll calls, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim. P. 17 and 28 U.S.C. § 1825.

**It is so ordered** this 22nd day of July, 2013.

_____
Sam A. Lindsay
United States District Judge

APPROVED:

Date:_____   _____
Chief Judge, United States Court of Appeals for the
Fifth Circuit, or Designee Circuit Judge

**Budget Order - Page 8**