IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:12-CR-054-L |
| | § | |
| | § | **FILED EX PARTE AND UNDER SEAL** |
| CYNTHIA STIGER (2) | § | |

*EX PARTE* ORDER DENYING WITHOUT PREJUDICE
MOTION FOR CERTIFIED FRAUD EXAMINER

Before the court is Defendant Stiger's Ex Parte Motion for Pre-Authorization for Payment for Services Other Than Counsel, filed December 10, 2014.[1] The motion seeks a budget of $40,000 to retain a certified fraud examiner at the rate of $200 an hour. The motion is **denied without prejudice.**

The court previously authorized, and the Fifth Circuit approved, budgets for Defendant Stiger in the following amounts:

| | |
|---|---|
| 1/5 of electronic discovery litigation support (CFSI) | $168,836 |
| ½ of medical document reviewer (Atchley, M.D.) | $ 13,500 ($90/hour) |
| ½ of medical billing expert (Morin-Spatz)[2] | $ 25,000 ($150/hour) |
| fact investigator (Popovici) | $ 14,355 ($55/hour) |
| paralegal (Gramada) | $ 35,200 ($40/hour) |

---

[1] The body of the motion occasionally refers to co-defendant Veasey, but the motion is titled "Cynthia Stiger's Ex Parte Motion" and is signed by counsel for Stiger only.

[2] The court recently granted Stiger's request to substitute this healthcare coding specialist, Patrice Morin-Spatz, for a registered nurse who counsel retained initially but later determined "was not up to the task."

Order - Page 1

Defendant Stiger now seeks to retain Marie Susan Lee, a certified public accountant and certified fraud examiner based in Albuquerque, New Mexico. The request is based upon counsel's "information and belief" that the Government has utilized such an expert and the Defendant has not benefitted from such an expert. The motion asserts that Stiger's existing experts are insufficient because they are medical experts, "strictly oriented towards reviewing Apple's records vis-a-vis Medicare compliance standards." By way of example, the motion asserts that the medical document reviewer has evaluated medical records to assess whether patients qualified as "homebound" and whether their care was, in fact, provided and medically necessary. Defendant's medical billing expert is reviewing the accuracy of Apple's billing. Defendant asserts that the proposed forensic accountant/certified fraud examiner would assist outside the realm of medical necessity and compliance with Medicare billing guidelines and address (1) whether Defendant diverted Medicare payments from their business accounts to their personal accounts, (2) whether those funds were used for personal use, (3) whether Defendant Roy paid all of the operating expenses for Apple during any period, (4) whether Roy received 50% of Apple's profits, (5) whether Defendant referred all of their business to Roy, (6) whether Roy gave Defendant $350,000, (7) whether a $350,000 loan would be permissible under Medicare guidelines and the tax code, and (8) whether the Defendant repaid Roy by billing Medicare for unnecessary home health services.

Initially, the court observes that the asserted justification that "upon information and belief" the Government has used such an expert, is speculative. Furthermore, the motion does not justify the need for a CPA, as opposed to a certified fraud examiner who is not a CPA and can possibly be retained at a lower hourly rate. The motion also does not explain why a local expert cannot be retained, thereby reducing travel expenses.

The court has no desire to withhold the financial expertise necessary to a reasonable defense. On the other hand, the court is quite concerned about the overall expense of experts and service providers for this Defendant. The budgeted amounts listed above are well in excess of any other defendant in this case, even though Defendant Stiger has only one count pending against her. Additionally, the proposed financial expert's duties as described in the motion appear to overlap in some respects with the duties of the billing expert.

Under these circumstances, the court cannot grant the requested authorization. The court observes that the Fifth Circuit's Budget Order allows counsel, with the approval of this court, to allocate the total amount already approved between service providers as they see fit [doc. 278]. Accordingly, the court denies the motion without prejudice to refiling another motion that addresses (1) whether any funds can be reallocated between service providers, (2) whether a certified fraud examiner who is not a CPA can provide the same services at a lower hourly rate, and (3) whether a local expert can be retained.

For all of these reasons, the court **denies without prejudice** Defendant Stiger's Ex Parte Motion for Pre-Authorization for Payment for Services Other Than Counsel.

**It is so ordered** this 10th day of December, 2014.

                                              Sam A. Lindsay
                                              United States District Judge