IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACQUES ROY, ET AL. | CRIMINAL NO. 3:12-CR-54-L<br><br>**UNDER SEAL** |

GOVERNMENT MOTION IN LIMINE NO. 7

The United States of America, by and through its counsel, respectfully requests that before the beginning of evidence in the above-entitled cause this Court direct the defendants, counsel for the defendants, and all witnesses for the defendants not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, directly or indirectly, any sexual history of government witness James Aston. Such information is irrelevant to the trial and would not be the proper grounds for cross-examination.

**BACKGROUND**

James Aston is the former Chief Financial Officer of certain companies controlled and/or owned by defendant Dr. Jacques Roy. The government anticipates that it will call Mr. Aston as a witness and elicit information from him concerning his communications with Dr. Roy, Cynthia Stiger, and James Veasey. He will also discuss the operation of Dr. Roy's business(es) and the plans that he and Dr. Roy had concerning the creation and running of a home health agency, known as Provider Texas Home Health. The

government also anticipates introducing certain recorded calls between Mr. Aston and Dr. Roy during Mr. Aston's testimony.

During his debriefs with the government, Mr. Aston was asked about any negative information in his past that the defense might seek to use to attack him. Mr. Aston volunteered that in approximately 1998, at the age of approximately 41 years, Mr. Aston was briefly (for a single night) involved in a romantic encounter with a female that was 17 years old at the time. According to Mr. Aston, although the encounter was intimate, he did not engage in sexual intercourse with this individual and no criminal charges were ever filed. This encounter took place in the state of Texas, where the age of consent is 17.

## RELEVANT LAW

Federal Rule of Evidence 402 provides that evidence that is irrelevant should be excluded from trial. *United States v. Rangel*, 2015 U.S. App. LEXIS 16670 (5th Cir., Sept. 17, 2015) ("Irrelevant evidence is inadmissible.").

Even if evidence is deemed to be relevant, Federal Rule of Evidence 403 states that "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A district court has broad discretion in assessing admissibility under Rule 403, and its determination is reviewed only for abuse. *See United States v. Royal*, 972 F.2d 643, 648 (5th Cir. 1992), cert. denied, 507 U.S. 911 (1993).

Under Rule 608, "the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but . . . the evidence may refer only to character for truthfulness or untruthfulness, and specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, . . . may not be proved by extrinsic evidence." Fed. R. Evid. 608.

Evidence regarding the sexual history or sexual misbehaviour of a witness is considered irrelevant evidence. *See United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973) (Information regarding government witness's alleged marital infidelity was irrelevant and could not be admitted at criminal trial, used for impeachment or for any legitimate evidentiary purpose since it dealt with a collateral issue); *United States v. Marchesani*, 457 F.2d 1291, 1297 (6th Cir. 1972) (Testimony regarding witness's cohabitation with a man that was not her husband was properly excluded by trial court since it "had no bearing on any issue in the case and would only serve to unnecessarily 'rake over' the witness on the witness stand").

Even in the context of sex crimes prosecutions (which is significantly and materially different than the instant case), courts regularly disallow testimony about unrelated sexual assaults. For example, in *United States v. Guardia*, Judge Black of the District of New Mexico granted the defendant's motion in limine to exclude uncharged instances of sexual misconduct, concluding that such testimony would be excluded on grounds of excessive confusion. 955 F.Supp. 115 (D. N.M. 1997).

## ARGUMENT

Ms. Aston's sexual history and/or potential misconduct is not relevant to the issues of the instant trial, which accuse the defendants (not Mr. Aston) of health care fraud and related offenses. The information regarding his sexual history, which is known only through Mr. Aston's own volunteered admission, has no bearing on any issues in this case.

Even if it were somehow found to be relevant, through some bricolage of facts, this evidence should be excluded because any limited probative value that it may provide would be outweighed by its severe prejudicial nature and the likelihood that it would confuse the jury. Such evidence, given its salacious and unique nature, would distract the jury from the relevant issues and unfairly cast a shadow over all of Mr. Aston's testimony. Any use of such evidence, which involves uncharged conduct, would be designed only to embarrass Mr. Aston and distract the jury from the substance of his testimony against the defendants.

Further, such evidence cannot be used to attack Mr. Aston's credibility under Rule 608 because it does not relate to his truthfulness.

## CONCLUSION

The government requests that the Court grant the motion and that the Court's instructions with regard to this issue apply to all aspects of the trials, including voir dire, opening statements, questioning of witnesses, and closing statements.

## CERTIFICATE OF CONFERENCE

Government Counsel attempted to confer with counsel for each of the four defendants. Government counsel emailed the proposed motions to defense counsel on the morning of Friday, November 6, 2015, and asked that they respond with the position of each defendant by close of business on Tuesday, November 10, 2015. Government counsel did not receive a response as to any position taken by any of the defendants as to the proposed motions.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

/s/ P.J. Meitl
P.J. MEITL
Assistant United States Attorney
D.C. Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8680
Facsimile: 214.659.8809
Email: philip.meitl@usdoj.gov

/s/ Nicole Dana
NICOLE DANA
Special Assistant United States Attorney
Texas State Bar No. 24062268
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone: 214.659.8694
Facsimile: 214.659.8805
Email: nicole.dana@usdoj.gov

    */s/ Chad E. Meacham*
CHAD E. MEACHAM
Criminal Chief
Texas State Bar No. 00784584
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone: 214.659.8716
Facsimile: 214.767.4100
Email:  chad.meacham@usdoj.gov

## CERTIFICATE OF SERVICE

On November 11, 2015, I electronically submitted the following document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49(b).

    s/ *P.J. Meitl*
P.J. Meitl
Assistant United States Attorney