IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.   3:12-CR-054-L |
| JACQUES ROY, ET AL. | |

<u>DEFENDANT CYNTHIA STIGER PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS</u>

CONSPIRACY TO COMMIT OFFENSE 18 U.S.C. § 1349

Title 18, United States Code, Section 1349, makes it a crime for anyone to conspire with someone else to commit the offense of Health Care Fraud under 18 U.S.C. § 1347. A "conspiracy" is an agreement between two or more persons to join to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

A "conspiracy" is an agreement between two or more persons to join to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: defendant Cynthia Stiger did knowingly and willfully combine, conspire, confederate and agree with Jacques Roy, M.D., Wilbert James Veasey, Jr., Cyprian Akamnonu Patricia Akamnonu, R.N. Teri Sivils and Charity Eleda, R.N. to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and ·promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for healthcare benefits, items, and services under Title 18 U.S.C. § 1347, as charged in the indictment;

Second: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

HEALTH CARE FRAUD 18 U.S.C. § 1347(a)

Title 18, United States Code, Section 1347(a), makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice (1) to defraud any health care benefit program, or (2) to obtain any of the money or property owned by or under the custody or control of any health care benefit program with false or fraudulent pretenses, representations, or promises.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the accused knowingly and willfully executed [attempted to execute] a scheme or artifice to defraud a health care benefit program, ——————— (name the health care benefit program) [to obtain money or property from a health care benefit program, ————— (name the health care benefit program)], with false or fraudulent pretenses [false or fraudulent representations] [false or fraudulent promises] for the delivery of or payment for health care benefits, items, or services;

Second: That the defendant acted with a specific intent to defraud a health care benefits program;

Third: That the false or fraudulent pretenses [representations] [promises] that the defendant used were material; and

Fourth: That the operation of the healthcare benefit program affected interstate commerce.

The word "knowingly" as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully" as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; with bad purpose either to disobey or disregard the law.

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others to obtain something of value, such as money, from the institution to be deceived.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit item, or service is provided to any individual, and includes any person or entity who is providing a medical benefit item, or service, for which payment may be made under the plan or contract."

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily to cause some financial loss to another or bringing about some financial gain to the defendant.
The government need not prove that the defendant knew of or specific intent to violate the health care fraud statutes.

Representation is "false" if it is untrue or is made with reckless indifference on its truth or falsity. Representation is also "false" when it constitutes a half-truth, or omits or conceals a material fact, provided it is made with intent to defraud.

A false representation is "material" if it has a natural tendency to influence, or can influence, the institution to which it is addressed.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade, transportation, and communication. Only a minimal effect is required in or- der to show that the health care benefit program "affected commerce." Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the FDIC will establish that the activity "affecting commerce."

It is unnecessary that the government prove all details alleged in the indictment concerning the precise nature of the alleged scheme, or that the alleged scheme succeeded in defrauding someone. What must be proven beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.

MULTIPLE CONSPIRACIES

You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

MULTIPLE DEFENDANTS—SINGLE COUNT

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

In this case, defendant Stiger has only been indicted on Count One in the Indictment.  Therefore, you are not to consider any other evidence pertaining to other counts in the Indictment for which she was Indicted.

CHARACTER EVIDENCE

Where a defendant has off evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you

may think it improbable that a person of good character with respect to those traits would commit such a crime.

CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except, as you are otherwise instructed.

You have been instructed during trial, and you are instructed again here, that you are not to consider any other law that may have been reference in the testimony or documents introduced as evidence.  Specifically, you are not to consider the application of either Stark law or Anti-Kickback law as would be applied in this case or to defendant Stiger.  You are only to consider the law referenced in the Court's instructions.

                          Respectfully Submitted,

                          /s/ Jeffrey C. Grass
                          JEFFREY C. GRASS
                          Attorney for Defendant
                          Texas State bar No. 00787581
                          101 E. Park Blvd. Suite 107
                          Plano, Texas 75201
                          Telephone: 972-422-9999
                          Facsimile:  972-423-2646
                          Email: jeff@grasslaw.com

CERTIFICATE OF SERVICE

      On April 7, 2016, I electronically submitted the following document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49(b).

                          */s/ Jeffrey C. Grass*
                              Jeffrey C. Grass