

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 11 2016

CLERK, U.S. DISTRICT COURT
By _____
　　　　　　　　　　Deputy

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. **3:12-CR-054-L** |
| | § | |
| **JACQUES ROY, M.D.** | § | |
| **CYNTHIA STIGER** | § | |
| **WILBERT JAMES VEASEY, JR.** | § | |
| **CHARITY ELEDA, R.N.** | § | |

<u>**Court's Instructions to the Jury**</u>

**Members of the Jury:**

### Introduction

These instructions contain the law that applies in this case. You must follow them in reaching your verdict. Consider these instructions as a whole. Do not single out any portion. Do not disregard any instruction.

First, I will give you some general instructions that apply in every case; for example, instructions about burden of proof and how to judge the believability or credibility of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you must follow in your deliberations.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

As jurors, your duty is to determine the facts without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they

**Court's Instructions to the Jury – Page 1**

have a right to expect nothing less. In performing your duty, consider only the evidence admitted during trial. Do not speculate about matters that are not in evidence; however, you are permitted to draw reasonable, common-sense inferences from the testimony and exhibits.

### Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. That the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or an individual, stand as equals under the law.

### Duty to Follow Instructions

You, as jurors, are the judges of the facts, but in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

### Presumption of Innocence, Burden of Proof and Reasonable Doubt

The Superseding Indictment ("Indictment"), filed September 6, 2012, against Jacques Roy, M.D.; Cynthia Stiger; Wilbert James Veasey, Jr.; and Charity Eleda, R.N. ("collectively, Defendants") is merely an accusation, nothing more; it is not evidence of guilt. All Defendants

**Court's Instructions to the Jury – Page 2**

start out with a clean slate, and you may not find any of them guilty of any count in the Indictment until the government proves that count beyond a reasonable doubt.

I instruct you that each Defendant is presumed by the law to be innocent. The law does not require a defendant to testify, prove his or her innocence, or produce any evidence at all, and no inference or conclusion may be drawn by you because Defendants did not testify. That they did not testify must not be considered by you in any way or even discussed during your deliberations to determine whether or not they are guilty of the counts as charged in the Indictment. The government has the burden of proving each Defendant guilty beyond a reasonable doubt as to each count charged against him or her in the Indictment, and, if it fails to do so on any count, you must find that person not guilty as to that count.

While the government's burden of proof is a strict or heavy burden, it is not necessary that guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning each Defendant's guilt. A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

### Evidence - Excluding What Is Not Evidence

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, which includes the sworn testimony of the witnesses and the exhibits admitted. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and to call your attention to certain facts or

**Court's Instructions to the Jury – Page 3**

inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that control in the case.  What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions.  You must disregard those questions entirely.  Do not speculate as to what the witness would have said if permitted to answer the question.  If an answer was given to a question to which an objection was sustained, you must disregard the answer given.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law and rulings on objections and the admissibility of evidence, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## Evidence - Inferences - Direct and Circumstantial

In considering the evidence, you may draw inferences, make deductions, and reach conclusions that reason and common sense lead you to make from facts that have been established by the evidence, and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that something is or is not true.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence; therefore, you must not be concerned whether the evidence is "direct evidence" or "circumstantial evidence," and you are to consider and weigh all of the evidence that was presented to you.

**Court's Instructions to the Jury – Page 4**

## Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack thereof. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about any Defendant or attorney. All persons are entitled to the presumption of innocence. It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

## Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved Defendants guilty beyond a reasonable doubt as to each count set forth in the Indictment. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say and how important that testimony was. In weighing and deciding credibility, consider the following: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ

from the testimony of other witnesses?  These are some, but not all, of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In other words, you may accept all of the testimony of a witness; you may accept only part of it; or you may reject the witness's testimony entirely.  In reaching your verdict, however, do not make any decision simply because there may have been more witnesses on one side than on the other.  Your duty is to decide whether you believe what each witness had to say and how important that testimony was.

The testimony of a single witness, that produces in your minds the belief in the likelihood of truth beyond a reasonable doubt, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe this witness and have considered all the other evidence.  In other words, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### Accomplice—Co-Defendant—Plea Agreement

In this case, the government called Teri Sivils ("Sivils") and Cyprian Akamnonu ("Akamnonu") as witnesses, both alleged accomplices, named as co-defendants in the Indictment, with whom the government has entered plea agreements.  Sivils entered into a plea agreement with the government and pleaded guilty to Count 1 of the Indictment, Conspiracy to Commit Health Care Fraud.  She expects to receive a favorable sentence of probation, and the government believes that a term of probation with no imprisonment or incarceration is an appropriate sentence.  With respect to Akamnonu, he expects the government, in exchange for his testimony, to file a motion

that, if granted, would allow the court to reduce his sentence of ten years that was originally imposed.

Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for and allowed under applicable criminal law.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You must keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

That an accomplice has entered a plea of guilty for an offense charged in the Indictment is not evidence of the guilt of any other person.

### Cooperating Witnesses

In this case, the government called Ernest Amadi ("Amadi"), Ferguson Ikhile ("Ikhile"), and Nicholas Lamarre ("Lamarre") as witnesses. The government has entered plea agreements with Amadi and Ikhile. Amadi and Ikhile expect the government, in exchange for their testimony, to file a motion that, if granted, would allow the court to reduce their originally imposed sentences. Amadi received a sentence of 37 months imprisonment, and Ikhile received a sentence of 72 months imprisonment.

Lamarre testified that his understanding of his agreement with the government was that if he testified against Defendant Roy, he would not be prosecuted. Based on the agreement, Lamarre has not been, and does not expect to be prosecuted.

As stated before, an alleged cooperating witness, including one who has entered into a plea agreement with the government or received some other benefit, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You must keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged cooperating witness unless you believe that testimony beyond a reasonable doubt.

That a cooperating witness has entered a plea of guilty for an offense charged in the Indictment is not evidence of the guilt of any other person.

### Witness's Use of Addictive Drugs

You have heard testimony from Kenneth Farr that he was addicted to crack cocaine since the relevant time periods in the Indictment up to the present. The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

### Schizophrenia

Beverly Sanders testified that she suffers from schizophrenia, a mental illness. In assessing Ms. Sanders's testimony, you may consider to what extent, if any, her credibility or believability is affected by her schizophrenia.

Court's Instructions to the Jury – Page 8

## Character Evidence

Testimony has been admitted in this case regarding Defendant Stiger's character.  When a defendant has offered evidence of good general reputation or opinion testimony concerning truth, veracity, honesty and integrity, or character as a law-abiding citizen, you are to consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## Law Enforcement Witnesses

That a particular witness is a law enforcement officer does not mean that his or her testimony is deserving of any special consideration or any greater weight because of his or her position as a law enforcement officer.  Such witnesses are to be treated as any other witness.

## Intent

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind, but you may infer a defendant's intent from surrounding circumstances.  To determine whether one acted "intentionally," you may consider any statement made and any act done or omitted by Defendants, and all other facts and circumstances in evidence that indicate his or her state of mind.  You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

## Notes of Jurors

Some of you have taken notes.  Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on your notes.  The notes are not in evidence.  If you have not taken notes, you should rely on your independent recollection and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## On or About

You will note that the Indictment charges that an offense was committed "on or about" a specified date in the Indictment.  The government does not have to prove that the crime was committed on an exact date, so long as it proves beyond a reasonable doubt that Defendants committed the crime on a date reasonably near the date stated in the Indictment.

## Caution - Consider Only Crimes Charged

You are here to decide whether the government has proved beyond a reasonable doubt that Defendants Roy, Stiger, Veasey, and Eleda are guilty of the crimes charged in the Indictment. Defendants are not on trial for any act, conduct, or offense not alleged in the Indictment.

## Single Defendant—Multiple Counts

A separate crime is charged in each count of the Indictment. Each count, and the evidence pertaining to it, must be considered separately.  That you may find Defendants Roy, Stiger, Veasey, or Eleda guilty or not guilty as to one of the crimes charged must not control your verdict as to any other count.

**Caution - Punishment**

If Defendants Roy, Stiger, Veasey, or Eleda is found guilty on any count, it will be my duty to decide what the punishment will be. You must not be concerned with punishment in any way. It must not be considered or discussed by you at all.

**Identification Testimony**

In any criminal case, the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, of course, the identity of Defendants Roy, Stiger, Veasey, and Eleda as the perpetrators of the alleged offense or offenses in the Indictment.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant. If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of a defendant as the perpetrator of the offense charged, you must find that defendant not guilty.

## Transcript of Proceedings

An official court reporter has made a record of the entire trial. A typewritten transcript of this trial will not be available for your use during jury deliberations in this case.

## Government's Exhibits 297-299, and 301-305

Exhibits 297-299, and 301-305 all have certain portions redacted or omitted from them. You are not to concern yourselves with or speculate as to why the information has been redacted or deleted. The parties and the court agree that the deleted or redacted information is not relevant to the issues that you have to decide in this case.

You are not bound by the determinations or conclusions of Health Integrity, LLC, as set forth in these exhibits. This is so because the standard for Health Integrity, LLC to make its determination as to whether fraud occurred is a much lower standard than proof beyond a reasonable doubt, the standard that you must use to find any Defendant guilty of any charge in the Indictment. You may consider the exhibits as evidence and assign them whatever weight you believe they deserve or carry. Your verdict, however, must be the result of your evaluation of all the evidence you heard and was admitted in this case, and can only be based on proof beyond a reasonable doubt, not the lower standard used by Health Integrity, LLC in making its determinations in these exhibits.

## Summaries and Charts Admitted into Evidence

During the course of trial, a number of exhibits were admitted into evidence as charts and summaries. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. In other words, charts and summaries must be supported by other exhibits admitted into evidence. You are to give them only such weight as you think they deserve.

### Recorded Conversations

During the course of this trial, I admitted into evidence recorded conversations between Defendant Roy and James Aston, along with the transcripts of these recorded conversations. If there is any inconsistency between the recordings and the transcripts, you are to disregard the transcripts and go by what is on the recordings.

### Stipulated Facts

The following matters have been stipulated to by the parties. This means that the parties agree that these matters are true, and no further evidence is needed to establish their truthfulness. You must accept these matters as true.

1.      On February 7, 2011, Defendant Eleda boarded an airline flight that left Dallas/Fort Worth International Airport at 4:20 p.m. Central Standard Time. That flight traveled overseas—to another continent—and Ms. Eleda was on that flight. Her husband, Mr. Eleda, had previously traveled out of the country and met her overseas. Ms. and Mr. Eleda returned together to Dallas/Fort Worth International Airport on February 17, 2011, on a flight landing at 10:05 a.m. Central Standard Time. This travel is confirmed by airline records, Ms. Eleda's passport, and government travel records. Ms. Eleda was not present in the United States at any time on February 8, 9, 10, 11, 12, 13, 14, 15, and 16, 2011.

2.      The Bridge Homeless Shelter is not a skilled nursing facility or hospital.

3.      In 2010, following a referral from a home health company—but not one of those listed or discussed in the Indictment—Defendant Dr. Jacques Roy began treating Beverly Sanders, and eventually they became close. Dr. Roy and Ms. Sanders had private conversations, where no one else was present. Ms. Sanders testified about those conversations.

**Court's Instructions to the Jury – Page 13**

4.    (a)    Regarding Government's Exhibit 57, pages 7-16 and 44-45: the Department of External Affairs and International Trade Canada was a Canadian governmental department that was renamed the Department of Foreign Affairs and International Trade Canada in 1995.

(b)    Regarding Government's Exhibit 57, page 3:  The Bank of Bermuda no longer exists, as it was acquired by HSBC Holdings in 2004.

(c)    Regarding Government's Exhibit 57, page 23: NBC Bank San Antonio failed on June 2, 1990, and no longer exists.

(d)    Regarding Government's Exhibit 57, page 26: James R. Wilson was the director of the Texas Department of Public Safety from 1991 to 1996.

(e)    Regarding Government's Exhibit 57, page 67: The Mark Twain Bank ceased to exist on August 23, 1997, when it was merged into Mercantile Bank N.A., Hartford Ill.

(f)    Regarding Government's Exhibit 57, pages 76-81: The Canadian Department of Human Resource Development Canada was dissolved and the dissolution was recognized by the Canadian Parliament in July 2005.

(g)    With respect to the trips taken by Dr. Roy and his family to France, Norway, and St. Maarten, none of the financial institutions noted above had a branch office in those locations.

5.    The applicable Medicare, Centers for Medicare and Medicaid Services ("CMS"), and Social Security regulations regarding the definition of the term "home" or "place of residence" do not bar home health services to persons who are "homeless" or do not have a permanent place of residence.

### Homebound Individuals

During the course of this trial you have heard much discussion regarding the term "homebound." To guide you during the course of your deliberations, I instruct you as follows regarding the term "homebound" as set forth in the Medicare Benefit Policy Manual:

To qualify for the Medicare home health benefit, a Medicare beneficiary must meet the following requirements:

- Be confined to the home;

- Under the care of a physician;

- Receiving services under a plan of care established and periodically reviewed by a physician;

- Be in need of skilled nursing care on an intermittent basis or physical therapy or speech-language pathology; or

- Have a continuing need for occupational therapy.

For a patient to be eligible to receive covered home health service under both Part A and Part B [of Medicare], the law requires that a physician certify in all cases that the patient is confined to his or her home. An individual does not have to be bedridden to be considered confined to the home; however, the condition of these patients should be such that there exists a normal inability to leave home and, consequently, leaving home would require considerable and taxing effort.

If the patient does in fact leave the home, the patient may, nevertheless, be considered homebound if the absences from the home are infrequent or for periods of relatively short duration, or are attributable to the need to receive health care treatment. Absences attributable to the need to receive health care treatment include, but are not limited to:

- Attendance at adult day centers to receive medical care;

- Ongoing receipt of outpatient kidney dialysis; or

- The receipt of outpatient chemotherapy or radiation therapy.

Any absence of an individual from the home attributable to the need to receive health care treatment, including regular absences for the purpose of participating in therapeutic, psychosocial, or medical treatment in an adult day-care program that is licensed or certified by a State, or accredited to furnish adult day-care services in a State, shall not disqualify an individual from being considered to be confined to his or her home.  Any other absence of an individual from the home shall not so disqualify an individual if the absence is of an infrequent or of relatively short duration.  For purposes of the preceding sentence, any absence for the purpose of attending a religious service shall be deemed to be an absence of infrequent or short duration.  It is expected that in most instances, absences from the home that occur will be for the purpose of receiving health care treatment; however, occasional absences from the home for nonmedical purposes, e.g., an occasional trip to the barber, a walk around the block or a drive, attendance at a family reunion, funeral, graduation, or other infrequent or unique event would not necessitate a finding that the patient is not homebound if the absences are undertaken on an infrequent basis or are of relatively short duration and do not indicate that the patient has the capacity to obtain the health care provided outside rather than in the home.

Generally speaking, a patient will be considered to be homebound if he or she has a condition due to an illness or injury that restricts the patient's ability to leave his or her place of residence except with the aid of: supportive devices such as crutches, canes, wheelchairs, and walkers; the use of special transportation; or the assistance of another person; or if leaving home is medically contraindicated.

**Court's Instructions to the Jury – Page 16**

The Medicare Benefit Policy Manual, in addition to the definition and explanation of the term homebound, includes some examples of homebound that illustrate the factors used to determine whether a homebound condition exists.  You, of course, may consider and review the examples in making a determination as to whether a person was homebound during the applicable period set forth in the Indictment.

## Count 1
## Conspiracy to Commit Health Care Fraud
## 18 U.S.C. § 1349

Title 18, United States Code, Section 1349, makes it crime for anyone to conspire with another person to commit the offense of health care fraud.  Defendants Jacques Roy; Cynthia Stiger; Wilbert James Veasey; and Charity Eleda, are charged with this offense in Count 1 of the Indictment.  You are directed to read this count as set forth in the Indictment.  The court, as it does with respect to all counts, directs you to read the counts to determine whether the government has proved each count of the Indictment beyond a reasonable doubt.  As I previously instructed you, the Indictment is merely an accusation and not evidence of guilt.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find any defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:   That the defendant and at least one other person made an agreement to commit the crime of health care fraud, as charged in the Indictment;

*Second*:   That the defendant knew of the unlawful purpose of the agreement; and

*Third*:   That the defendant joined in it willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and willfully joins in that plan or scheme on

one occasion, that is sufficient to convict him or her for conspiracy, even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the Indictment were actually agreed upon or carried out; nor must the government prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives. The government, however, must prove beyond a reasonable doubt that the defendant acted with specific intent to defraud a health care benefit program.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

The term "health care benefit program" is used from time to time in these instructions. A "health care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

The term "interstate commerce" means commerce or travel between a state, territory, or possession of the United States. "Commerce" includes travel, trade, transportation, and

**Court's Instructions to the Jury – Page 19**

communication.  Only a minimal effect is required in order to show that the health care benefit program "affected commerce."  Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the FDIC, for example, is sufficient to establish that the activity "affected commerce."

As noted already, the object of the conspiracy charged in Count 1 is health care fraud, which is a violation of Title 18, United States Code, Section 1347.  I will provide you with instructions concerning Section 1347 later in this charge, in connection with Counts 2 through 11 of the Indictment.  You are directed to read the elements of health care fraud as set forth on pages 21 through 23 of these instructions before you reach a decision as to Count 1.

**Counts 2 through 11**
**Healthcare Fraud**
**18 U.S.C. §§ 1347 and 2**

Title 18, United States Code, Section 1347 makes it a crime for anyone to commit health care fraud. Defendant Roy, is charged with this offense in Counts 2 through 4, and 6 through 11 of the Indictment. Defendant Veasey is charged with this offense in Counts 2 through 4 of the Indictment. Defendant Eleda is charged with this offense in Counts 8 through 11 of the Indictment. You are directed to read these counts as set forth in the Indictment.

Specifically, this statute makes it a crime for anyone to knowingly and willfully execute, or attempt to execute, a scheme or artifice (a) to defraud a health care benefit program or (b) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services.

For you to find any defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*   That the defendant knowingly and willfully executed, or attempted to execute, a scheme or artifice (1) to defraud a health care benefit program, or (2) to obtain money or property owned by or under the control of a health care benefit program by means of materially false or fraudulent pretenses, representations, or promises, in connection with the delivery of or payment for health care benefits, items, or services;

*Second:*   That the defendant acted with a specific intent to defraud a health care benefit program;

*Third:*   That the false or fraudulent pretenses, representations, or promises, that the defendant used were material; and

*Fourth:*   That the operation of the healthcare benefit program affected interstate commerce.

Court's Instructions to the Jury – Page 21

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

Each separate claim submitted in furtherance of a scheme to defraud alleges a separate offense.

A defendant acts with the requisite "intent to defraud" if he or she acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to him or her.

The word "knowingly" as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that a defendant committed the act voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. While the government must prove that the defendant acted with specific intent to defraud a health care benefit program, it does not have to prove that the defendant had actual knowledge or specific intent to violate the applicable health care fraud statutes.

A "health care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

The term "interstate commerce" means commerce or travel between a state, territory, or possession of the United States. "Commerce" includes travel, trade, transportation, and communication. Only a minimal effect is required in order to show that the health care benefit

program "affected commerce." Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the FDIC, for example, is sufficient to establish that the activity "affected commerce."

The term "false" statement or representation has been used from time to time in these instructions. A statement or representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A statement or representation is also "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

The term "material" has been used from time to time in these instructions. A false statement or representation is "material" if it has the natural tendency of influencing, or is capable of influencing, the institution to which it is addressed. Thus, a statement or representation is "material" if the statement or representation has a natural tendency to influence, or is capable of influencing, a decision of the health care benefit program. It is not necessary for the government to show, however, that the health care benefit program was in fact misled.

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding the United States or its agencies. What must be proved beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the Indictment.

**Counts 12 through 14**
**False Statements for Use in**
**Determining Rights for Benefit and Payment by Medicare**
**42 U.S.C. § 1320a-7b(a)(2) and 18 U.S.C. § 2**

Title 42, United States Code, Section 1320a-7b(a)(2), makes it a crime for anyone to knowingly and willfully make a false statement for use in determining rights or benefits and payments under a federal health care program. Defendant Eleda is charged with this offense in Counts 12 through 14 of the Indictment. You are directed to read these counts as set forth in the Indictment.

For you to find Defendant Eleda guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*    That Defendant Eleda knowingly and willfully made a false statement or representation of a material fact; and

*Second*:    That the statement or representation was made for use in determining rights to any benefit or payment under a federal health care program.

A statement or representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A statement or representation is also "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A false statement is "material" if it has the natural tendency of influencing, or is capable of influencing, the institution to which it is addressed. Thus, a statement or representation is "material" if the statement or representation has a natural tendency to influence, or is capable of influencing, a decision of the health care benefit program. It is not necessary for the government to show, however, that the health care benefit program was in fact misled.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully" means that a defendant committed the act voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. While the government must prove that the defendant acted with specific intent to defraud a health care benefit program, it does not have to prove that the defendant had actual knowledge or specific intent to violate the applicable health care fraud statutes.

A "federal health care program" means any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government.

**Counts 15 through 16**
**False Statements Relating to Health Care Matters**
**18 U.S.C. §§ 1035 and 2**

Title 18, United States Code, Section 1035, makes it a crime for anyone to make a false statement relating to health care matters. Defendant Roy is charged with this offense in Counts 15 through 16 of the Indictment. You are directed to read these counts as set forth in the Indictment.

For you to find Defendant Roy guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*   That Defendant Roy made a false, fictitious, or fraudulent statement or representation;

*Second*:  That the statement or representation was made in connection with the delivery of or payment for health care benefits, items, or services;

*Third*:   That the statement or representation was made in any matter involving a health care benefit program;

*Fourth*:  That the statement or representation was material to the health care benefit program; and

*Fifth*:   That the statement or representation was made knowingly and willfully.

A statement or representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A statement or representation is also "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A false statement is "material" if it has the natural tendency of influencing, or is capable of influencing, the institution to which it is addressed. Thus, a statement or representation is "material" if the statement or representation has a natural tendency to influence, or is capable of influencing, a decision of the health care benefit program. It is not necessary for the government to show, however, that the health care benefit program was in fact misled.

**Court's Instructions to the Jury – Page 26**

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully" means that a defendant committed the act voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

A "health care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

The term "interstate commerce" means commerce or travel between a state, territory, or possession of the United States.   "Commerce" includes travel, trade, transportation, and communication.  Only a minimal effect is required in order to show that the health care benefit program "affected commerce."  Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the FDIC, for example, is sufficient to establish that the activity "affected commerce."

**Count 17**
**Obstruction of Justice**
**18 U.S.C. §§ 1505 and 2**

Count 17 of the Indictment charges Defendant Roy with violating Title 18, United States Code, Sections 1505 and 2.  This statute makes it a crime for anyone to corruptly influence, obstruct, or impede, or endeavor to influence, obstruct or impede the due and proper administration of the law under which a proceeding of any agency of the United States is pending.  You are directed to read this count as set forth in the Indictment.

For you to find Defendant Roy guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*    That there was a proceeding pending before an agency of the United States;

*Second*:   That Defendant Roy was aware of the agency proceeding; and

*Third*:    That Defendant Roy intentionally endeavored corruptly to influence, obstruct or impede the due process and proper administration of the law under which any proceeding is pending before any department or agency of the United States.

You are instructed that an investigation by the Centers for Medicare and Medicaid Services ("CMS"), or one conducted on its behalf, constitutes an agency proceeding.

**Aiding and Abetting**

With respect to Counts 2 through 4, 6 through 11, and 15 through 17 of the Indictment, the guilt of a defendant may be established without proof that each defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him or her through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of a defendant or if a defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself or herself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find a defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

**Court's Instructions to the Jury – Page 29**

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*      That the offense alleged in each of Counts 2 through 4, 6 through 11, and 15 through 17 were committed by some person;

*Second:*      That the defendant associated with the criminal venture;

*Third:*      That the defendant purposefully participated in the criminal venture; and

*Fourth:*      That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

**After Argument**
**Duty to Deliberate - Verdict Form**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong, but do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your sole duty is to decide whether the government has proved Defendants Roy, Stiger, Veasey, and Eleda guilty beyond a reasonable doubt as to the counts in the Indictment.

When you go to the jury room, the first thing that you should do is select one of your number as your Presiding Juror, who will help to guide your deliberations and will speak for you here in the courtroom. Do not commence deliberations until you have selected a Presiding Juror, received copies of this charge, and received all trial exhibits. Never deliberate unless all jurors are present.

A verdict form has been prepared for your convenience. The Presiding Juror will write the unanimous answer of the jury in the space provided, either "Guilty" or "Not Guilty." At the conclusion of your deliberations, the Presiding Juror must date and sign the verdict.

If you need to communicate with me during your deliberations, the Presiding Juror must write the message and give it to the court security officer.  I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict on the charged offenses.

Signed this _11th_ day of April, 2016.

Sam A. Lindsay
United States District Judge