IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:12-CR-54-L-2 |
| | § | |
| CYNTHIA STIGER, | § | |
| #44137-177, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons and the COVID-19 virus pandemic (Doc. 1136), filed May 18, 2020. Also before the court is Defendant's supplemental information (Doc. 1137, 1141). As detailed herein, Defendant's motion is **denied**.

### I.

In 2016, a jury found Defendant guilty of conspiring to commit health care fraud and on October 26, 2017, she was sentenced to 120 months of imprisonment and a three-year term of supervised release. Doc. 1046. Defendant was also ordered to pay $23,630,777.26 in restitution. Although her direct appeal is pending, the Fifth Circuit Court of Appeals recently granted her a limited remand for the purpose of considering her opposed motion for compassionate release due to the COVID-19 pandemic. Doc. 1142. Defendant states that she suffers from preexisting, chronic medical conditions—high blood pressure, hypertension, high cholesterol, diabetes, and insomnia—and has a body mass index of 32.9, all of which she contends renders her more susceptible to the COVID-19 virus.

According to the Bureau of Prison's ("BOP's") website, Defendant is 57 years old, has a projected release date of June 2, 2026, and is presently confined at the Bryan FPC in Bryan, Texas.

As of July 8, 2020, the BOP's website reported no COVID-19 positive cases among Bryan FPC's inmates and staff members.[1]  Upon review, the court concludes that Defendant is not eligible for a sentence modification or appointment of counsel.

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that the warden denied her administrative request for a reduction in sentence on April 2, 2020, and that she has yet to receive any response to her written request to appeal the warden's decision.  Even assuming she exhausted all administrative remedies, the court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of her sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons."  Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on July 8, 2020).

>   defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*United States v. Muniz*, ___ F. Supp. 3d ___, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's chronic medical conditions—high blood pressure, hypertension, high cholesterol, diabetes, insomnia, and body mass index of 32.9—or discount that being confined in a prison makes it more difficult for her or any prisoner to follow official precautions for social distancing and handwashing while in custody. Defendant has failed, however, to provide sufficient grounds for compassionate release. She fails to establish that her conditions (1) are sufficiently severe, (2) have an end of life trajectory, and (3) diminish her ability to provide self-care. Defendant does not present any evidence or recent medical records documenting her current symptoms and own unique conditions sufficient to establish exceptional and compelling circumstances. At best, she offers only conclusory assertions about her chronic medical conditions. *See Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the court to assess his current ability to provide self-care").

General concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering that no inmate or staff member has tested positive for COVID-19 at Bryan FPC and that the Defendant is only 57 years of age. *See United States v.*

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

*Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)). Moreover, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners–for example, all those who have [chronic medical conditions identified by the CDC]–warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *Delgado*, 2020 WL 2542624, at *3.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d at 692-93 ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is currently incarcerated for conspiring to commit healthcare fraud. At sentencing, the advisory guidelines term of imprisonment was 120 months and the court declined to impose a nonguideline sentence due to the Defendant's culpability, as established by the evidence presented at trial, and her obvious failure to "see her conduct as criminal in nature." Doc. 1086 at 151-52, *Sentencing Tr*. The court explained the punishment was high because the intended loss amount, which the court took into account, was high. *Id.* at 153-54. The court also considered Defendant's culpability and role in the offense and the fact that the fraud took place over a five-year period. *Id.*

Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief Defendant seeks.

III.

For the foregoing reasons, Defendant's Motion for Compassionate Release is **denied**.

**It is so ordered** this 9th day of July, 2020.

                                                Sam A. Lindsay
                                                United States District Judge